UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-00890 JVS (ANx) | Date | April 21, 2014 |
|---|---|---|---|

| Title | Elizabeth Chavira, et al.   v.   J. Chavez, et al. |
|---|---|

Present: The Honorable    James V. Selna

| Dwayne Roberts | None |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| No Appearances | No Appearances |

**Proceedings:**   **(In Chambers)  Order re Motion to Dismiss SAC**

      Defendants County of Los Angeles ("County"), Deputy Joseph Hernandez ("Hernandez"), and Deputy Jose Ramirez ("J. Ramirez") (collectively, "Defendants") move to dismiss the Second Amended Complaint ("SAC") of Plaintiff Elizabeth Chavira[1] ("Chavira") pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] (Defendants County of Los Angeles, Defendant Joseph Hernandez, and Deputy Jose Ramirez's Motion to Dismiss Second Amended Complaint ("Mot."), Docket No. 32.) Chavira opposes the motion. (Plaintiff's Opposition to Defendants County, Hernandez, and J. Ramirez's Motion to Dismiss Second Amended Complaint ("Opp'n"), Docket No. 39.) Defendants have replied.[3] (Defendants County of Los Angeles, Defendant Joseph Hernandez, and Deputy Jose Ramirez's Reply to Plaintiff's Opposition to Motion to Dismiss ("Reply"), Docket No. 42.) For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Dismiss.

---

[1] Chavira has filed the SAC on behalf of herself and her two minor daughters, C.R. and M.R., as their guardian ad litem.

[2] Debbie Gallegos ("Gallegos"), Antonio Ramirez ("A. Ramirez"), and Does 1-10 are also named as defendants in the SAC. The Motion to Dismiss presently before the Court is not made on behalf of these other defendants.

[3] Defendants have also filed various objections to evidence submitted by Chavira in support of her Opposition. (County of Los Angeles, Deputy Joseph Hernandez, and Deputy Jose Ramirez's Objections to Plaintiffs' Evidence, Docket No. 43.) The Court has not found it necessary to rely upon this disputed evidence in ruling on this Motion. Consequently, the Court need not rule on these evidentiary objections.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-00890 JVS (ANx) | Date | April 21, 2014 |
|---|---|---|---|
| Title | Elizabeth Chavira, et al. v. J. Chavez, et al. | | |

**1.    Background**

This lawsuit arises out of the alleged long history of domestic violence and abuse suffered by Chavira and her daughters at the hands of her husband Deputy Antonio Ramirez ("A. Ramirez"). The SAC describes numerous instances in which A. Ramirez was verbally and physically abusive of Chavira. (SAC ¶¶ 17-40.) In addition to asserting claims against A. Ramirez for these incidents, the SAC alleges that various County officials, including Hernandez and J. Ramirez, purposefully failed to report the abuse and instead instigated a cover-up that has further victimized Chavira and her two daughters. (See, e.g., id. ¶¶ 1-5.) The SAC further alleges that the County's failure to adopt appropriate policies regarding domestic violence and to properly train Sheriff's Department personnel with respect to dealing with complaints of domestic violence were the "moving force" behind the inadequate response to A. Ramirez's abuse of Chavira. (Id. ¶¶ 85-94.)

The specific factual allegations in the SAC regarding Defendants Hernandez and J. Ramirez are as follows. Chavira alleges that she called Hernandez for help when A. Ramirez recklessly drove them home from a friend's birthday party on March 11, 2012 despite the fact that he was drunk. (Id. ¶¶ 27-28.) In response, Hernandez attempted to call A. Ramirez; however, A. Ramirez ignored his calls. (Id. ¶ 28.) Once Chavira and A. Ramirez arrived home from the event, A. Ramirez locked Chavira out of the house and she once again attempted to call Hernandez for help. (Id. ¶¶ 29-30.) Chavira alleges that Hernandez did nothing in response to her plea for assistance. (Id.) The SAC also alleges that Chavira phoned Tina Hernandez, the wife of Defendant Hernandez, on April 2, 2013 following a heated argument with A. Ramirez and that Tina Hernandez "sent her husband to intercede before A. Ramirez became physically abusive." (Id. ¶ 35.) Upon his arrival, Chavira allegedly disclosed to Hernandez the long history of abuse she had suffered. (Id.) In response, "Hernandez had a talk with A. Ramirez and advised [A. Ramirez and Chavira] to stay away from each other and apart until Chavira could figure out how to separate for good." (Id.) However, Hernandez did not arrest A. Ramirez or report this pattern of domestic violence to his supervisors. (Id.) Lastly, the SAC alleges that Chavira and her two daughters went to the home of Hernandez "to find out why he never helped" after they were forced to move out of the family home to get away from A. Ramirez. (Id. ¶ 55.) The SAC contains even fewer allegations regarding Defendant J. Ramirez. Chavira alleges that on one occasion A. Ramirez called J. Ramirez following an altercation with Chavira and that J. Ramirez responded along with other LASD deputies. (Id. ¶ 20.) The SAC does not allege that J. Ramirez and these deputies were made aware of the violent

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-00890 JVS (ANx) | Date | April 21, 2014 |
|---|---|---|---|
| Title | Elizabeth Chavira, et al. v. J. Chavez, et al. | | |

altercation that had just occurred between Chavira and A. Ramirez. The SAC also conclusorily alleges that J. Ramirez "conspired with A. Ramirez to make up lies about Chavira" in order to have her discredited and arrested. (Id. ¶ 51.)

In light of these factual allegations, the SAC asserts claims under 42 U.S.C. § 1983 against Hernandez and J. Ramirez for denial of due process and equal protection as well as a section 1983 claim against the County pursuant to Monell v. New York City Dept. Soc. Servs., 436 U.S. 658, 694 (1978) for unlawful municipal policy or practice. (Id. ¶¶ 76-94.) In addition, the SAC asserts negligence per se claims against the individual defendants for the failure to carry out their mandatory duties under California law and seeks to hold the County liable for these violations on a respondeat superior theory. (Id. ¶¶ 95-99.) The SAC also asserts an injunctive relief claim against the County. (Id. ¶¶ 117-18.)

## 2. Legal Standard

Under Rule 12(b)(6), a defendant may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a Rule 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Nor must the court "accept as true a legal conclusion couched as a factual allegation." Id. (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

## 3. Discussion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-00890 JVS (ANx) | | Date | April 21, 2014 |
|---|---|---|---|---|
| Title | Elizabeth Chavira, et al. v. J. Chavez, et al. | | | |

### a. 42 U.S.C. § 1983 Claims Against Hernandez and J. Ramirez

Section 1983 "provides a remedy to individuals whose constitutional rights have been violated by persons acting under color of state law." Burke v. County of Alameda, 586 F.3d 725, 731 (9th Cir. 2009) (internal quotation marks and citation omitted). The First Cause of Action of the SAC asserts claims under 42 U.S.C. § 1983 against both Hernandez and J. Ramirez. (SAC ¶¶ 76-84.) More specifically, Chavira alleges that Hernandez and J. Ramirez violated her rights to due process and equal protection by failing to arrest A. Ramirez for domestic violence and participation in a conspiracy to prevent A. Ramirez from getting arrested despite their knowledge of his history of abusing Chavira. (Id. ¶¶ 77-78.)

#### i. Defendant Hernandez

The gravamen of Chavira's section 1983 claim against Hernandez is that his failure to protect Chavira and her children by arresting A. Ramirez or reporting his domestic abuse of Chavira to their supervisors at the Sheriff's Department violated her rights to due process and equal protection under the Fourteenth Amendment.

The Court finds that Chavira has failed to properly state a due process violation against Hernandez for his failure to arrest A. Ramirez or otherwise prevent his further abuse of Chavira. The Supreme Court has determined that state actors have no general constitutional duty to protect members of the public at large from crime. DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 1004 (1989) ("[W]e conclude that a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause."). A duty to protect may arise when there is a "special relationship" between a member of the public and state officials. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 700 (1990), abrogated on other grounds by Bell Atl. Corp. v. Twombly, 530 U.S. 544 (2007). However, the Ninth Circuit has determined that state officials' mere knowledge that a member of the public is at risk of domestic violence is insufficient to create a "special relationship" that gives rise to a duty to protect. Id. Consequently, Hernandez failure to arrest or report A. Ramirez despite his alleged knowledge of A. Ramirez's abuse of Chavira is insufficient to state a claim for a violation of Chavira's substantive due process rights under the Fourteenth Amendment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-00890 JVS (ANx) | Date | April 21, 2014 |
|---|---|---|---|
| Title | Elizabeth Chavira, et al.   v.   J. Chavez, et al. | | |

     However, Chavira also rests her section 1983 claim against Hernandez upon the alleged violation of her right to equal protection under the Fourteenth Amendment. The Ninth Circuit has noted that there is an equal protection right "to have police services administered in a nondiscriminatory manner–a right that is violated when a state actor denies such protection to disfavored persons." Estate of Macias v. Ihde, 219 F.3d 1018, 1028 (2000) (concluding that plaintiffs had properly alleged an equal protection violation on the basis that the plaintiff was denied equal police protection on account of her status as a woman and a victim of domestic violence); see also Elliot-Park v. Manglona, 592 F.3d 1003, 1006 (9th Cir. 2010) (noting that "individuals don't have a constitutional right to have police officers arrest others who have victimized them" but also concluding that "officers' discretion in deciding whom to arrest . . . cannot be exercised in a racially discriminatory fashion"). Here, the SAC alleges that Hernandez failed to arrest A. Ramirez or report his domestic abuse to their supervisors when Chavira informed Hernandez of A. Ramirez's domestic violence and asked him for help. (SAC ¶ 35.) The SAC alleges that Hernandez's decision not to take official action against A. Ramirez was motivated by Chavira's gender, status as a domestic violence victim, and the fact that her abuser was a colleague of Hernandez in the Sheriff's Department, thereby depriving her to her right to equal police protection. (Id. ¶ 77-78.) At this early stage in the litigation, the Court finds these allegations sufficient to state a 1983 claim against Hernandez for his failure to administer police services in a nondiscriminatory manner. Cf. Navarro v. Block, 72 F.3d 712, 717 (9th Cir. 1996) (noting that victims of domestic violence are a cognizable class for equal protection purposes and that discrimination against this group is subject to rational basis review).

     Defendants dispute this conclusion, arguing that Chavira cannot properly assert a section 1983 claim against Hernandez because Chavira's calls for help were made to his personal telephone while he was off-duty. (Mot. 5-7.) Defendants further argue that Chavira attempted to contact him in his personal capacity as a friend of A. Ramirez rather than in his official capacity as a police officer. (Id.) However, the Court does not find that these facts prevent Chavira from sufficiently pleading a section 1983 claim against Hernandez. In ruling on a motion to dismiss, the Court must make all reasonable inferences in favor of the plaintiff. The SAC makes it clear that on at least one occasion Hernandez went to the home of A. Ramirez and Chavira in order to "intercede before A. Ramirez became physically abusive." (SAC ¶ 35.) At that time, Chavira allegedly told Hernandez of A. Ramirez's long history of abusing her and sought his help. (Id.) At this stage in the proceedings, it is reasonable to infer that Chavira sought his assistance in his

Case 8:13-cv-00890-JVS-AN   Document 53   Filed 04/21/14   Page 6 of 14   Page ID #:934

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-00890 JVS (ANx) | Date | April 21, 2014 |
|---|---|---|---|
| Title | Elizabeth Chavira, et al.   v.   J. Chavez, et al. | | |

capacity as a sheriff's deputy and that his failure to respond constitutes state action sufficient to support a section 1983 claim.

Defendants also contend that any such 1983 claim against Hernandez is barred on qualified immunity grounds. (Mot. 7-8.) The doctrine of qualified immunity protects "government officials performing discretionary functions . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The Ninth Circuit applies a two-pronged inquiry to resolve claims of qualified immunity. First, the court must determine whether the officer's conduct violated a constitutional right. Robinson v. York, 566 F.3d 817, 821 (9th Cir. 2009) (citing Saucier v. Katz, 533 U.S. 194, 201 (2001)). Second, the court must determine whether the constitutional right at issue was "clearly established in light of the specific context of the case" at the time of the events in question. Mattos v. Agarano, 661 F.3d 433, 440 (9th Cir. 2011) (en banc) (citing Robinson, 566 F.3d at 821), cert. denied, 132 S. Ct. 2681 (2012), cert. denied, 132 S. Ct. 2682 (2012), cert. denied, 132 S. Ct. 2684 (2012). It is well-established in the Ninth Circuit that disfavored groups cannot be deprived of equal protection to police services. Estate of Macias, 219 F.3d at 1028. The SAC alleges that Hernandez failed to take official action against A. Ramirez upon his discovery of his abuse of Chavira on the basis of her gender and status as a domestic violence victim of a fellow sheriff's deputy. Assuming that the allegations in the SAC are true, Hernandez should have known that the failure to render police services in a nondiscriminatory manner would subject him to liability. See Balisteri, 901 F.2d at 700-02 (granting leave to amend equal protection claim given that the facts "strongly suggest an intention to treat domestic abuse cases less seriously than other assaults, as well as animus against abused women"); Flores v. Young, 2005 WL 3271841, at *5 (D. Idaho Dec. 1, 2005) (noting that following the Ninth Circuit's decision in the Balistreri case, "[a] reasonable person would have known that treating domestic violence cases less seriously than other cases implicates the Equal Protection Clause"). Consequently, the Court does not find that the 1983 claim against Hernandez should be dismissed on qualified immunity grounds at the pleading stage.

      **ii.    Defendant J. Ramirez**

The SAC also asserts a 1983 claim against J. Ramirez for the violation of Chavira's constitutional rights to due process and equal protection. The Court finds that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-00890 JVS (ANx) | | Date | April 21, 2014 |
|---|---|---|---|---|
| Title | Elizabeth Chavira, et al. v. J. Chavez, et al. | | | |

the barebones factual allegations regarding J. Ramirez contained in the SAC are insufficient to state a viable claim for relief. The SAC alleges that A. Ramirez called J. Ramirez following an altercation with Chavira and that J. Ramirez responded along with other LASD deputies. (SAC ¶ 20.) The SAC does not allege that J. Ramirez spoke with Chavira at this time or was made aware of the violent altercation that had just occurred between Chavira and A. Ramirez. The only other factual detail regarding the J. Ramirez in the SAC conclusory allegation that he "conspired with A. Ramirez to make up lies about Chavira" in order to have her discredited and arrested. (Compl. ¶ 51.) The SAC is devoid of any factual specificity regarding the nature of these lies or how they contributed to a conspiracy to cover-up A. Ramirez's history abusing Chavira. The Court concludes that the SAC's conclusory allegations regarding J. Ramirez are insufficient to state a claim for relief under section 1983. Accordingly, Chavira's section 1983 claim against J. Ramirez is dismissed.

### b. Municipal Liability

Under 42 U.S.C. § 1983, a local government entity may be held liable for constitutional violations when those violations occur as a result of the government's official "policy or custom." Monell v. New York City Dept. Soc. Servs., 436 U.S. 658, 694 (1978). This rule imposes liability on municipalities for "acts that are, properly speaking, acts of the municipality." Pembauer v. City of Cincinnati, 475 U.S. 469, 480 (1986) (internal quotation marks omitted). Such liability requires a showing that (1) the plaintiff was deprived of a constitutional right, (2) the local government entity had a policy, (3) that policy amounts to deliberate indifference to the plaintiff's constitutional right, and (4) the policy was the moving force behind the constitutional violation. Anderson v. Warner, 451 F.3d 1063, 1070 (9th Cir. 2006) (citations and internal quotation marks omitted). In addition, "a county's lack of affirmative policies or procedures to guide employees can amount to deliberate indifference, even when the county has other general policies in place." Long v. County of Los Angeles, 442 F.3d 1178, 1189 (9th Cir. 2006). However, the plaintiff must allege facts, not conclusions, to support his municipal liability claims. Iqbal, 556 U.S. at 678.

Chavira alleges that County violated her constitutional rights by failing to adequately train its personnel to properly respond to the injuries of domestic violence, particularly those who have been victimized by fellow law enforcement officials. (SAC ¶¶ 85-94.) More specifically, the SAC alleges that "sheriff personnel are improperly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-00890 JVS (ANx) | Date | April 21, 2014 |
|---|---|---|---|
| Title | Elizabeth Chavira, et al.  v.  J. Chavez, et al. | | |

trained with respect to domestic violence victims seeking [emergency protective orders] and fail repeatedly to provide all the rights domestic violence victims are entitled to based on the victims' female gender." (Id. ¶ 86.) The SAC further alleges that the County has failed to enact policies concerning the handling of domestic violence cases; alternatively, if these policies do exist, the SAC alleges that the County has failed to properly train deputies to abide by them. (Id. ¶ 90.) The SAC also alleges that this lack of proper policies and training led to the development of an "informal code of conduct" in the Sheriff's Department in which deputies "refus[e] to report fellow officers' criminal conduct and refus[e] to arrest them when they commit crimes, like domestic violence . . . ."[4] (Id. ¶ 92.)

The SAC alleges that the individual defendants failed to properly respond to her complaints of domestic violence in an attempt to protect their colleague A. Ramirez. The factual allegations in the Complaint indicate that numerous individuals working at the Sheriff's Department, including Hernandez and Gallegos, made no attempt to arrest or otherwise report A. Ramirez despite their awareness of his history of abusing Chavira and her requests for help. For example, on April 29, 2012, Chavira telephoned Officer J. Chavez for assistance following a physical altercation with A. Ramirez. (Id. ¶ 41.) J. Chavez did not send a unit to respond as Chavira had hoped. (Id. ¶¶ 41-42.) Instead, Defendant Gallegos arrived alone. (Id. ¶ 42.) According the SAC, Gallegos took no official action against A. Ramirez, and instead threatened to send Chavira to jail and told her to "stop acting like the victim." (Id. ¶¶ 44-45.) Gallegos instructed Chavira to move out of the family home and told A. Ramirez and Chavira that she would have them arrested if there were any further problems." (Id. ¶ 47.)

---

[4] In support of this point, Chavira's Opposition extensively discusses the facts of United States v. Thompson, Case No. CR-13-00189 and United States v. Gonzalez, Case No. CR 13-0504 and has submitted the indictments in these cases as Exhibits 3 and 4 to her Opposition (Docket No. 46-1). The Court agrees with Defendants that Chavira's reliance upon these other cases is entirely misplaced. (Reply 6.) They have no relation to the case at hand or the Sheriff's Department policies regarding domestic violence. The Court finds that Thompson and Gonzalez are irrelevant and declines to consider them in support of Chavira's Monell claim. In addition, the Court declines to consider the media articles cited in Chavira's Opposition (Opp'n 1-2) as well as the Office of Independent Review Report of Oversight of Administrative Discipline Cases submitted as Exhibits 1 and 2 to her Opposition (Docket No. 46-1). It is improper for the Court to rely upon such extrinsic evidence when ruling on a motion to dismiss.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-00890 JVS (ANx) | Date | April 21, 2014 |
|---|---|---|---|
| Title | Elizabeth Chavira, et al.   v.   J. Chavez, et al. | | |

The SAC alleges that the inadequate responses of sheriff personnel to her abuse was the result of the County's lack of proper policies regarding the domestic violence and the County's failure to properly train personnel how to respond to incidents of domestic violence. (Id. ¶¶ 85-94.) Accordingly, the Court finds that these allegations are sufficient at this stage in the litigation to state a claim for a Monell violation.[5]

### c.    Negligence Per Se for Failure to Carry Out Mandatory Duties

Defendants also contend that Chavira's Third Cause of Action against Hernandez, J. Ramirez, and County must be dismissed. (Mot. 10-16.) This claim is premised upon the individual defendants' alleged violation of mandatory duties[6] established by California Penal Code sections 836(a)(2), 836(b), and 13701(b) as well as California Family Code sections 6250-57 and 6228(a). (SAC ¶ 96.) The Third Cause of Action additionally alleges that the County is liable under the doctrine of respondeat superior for the individual defendants' breach of their mandatory duties.[7] (Id. ¶ 97.) Defendants argue that

---

[5] Notably, the allegations of the SAC do indicate that some individuals at the Sheriff's Department were sensitive to Chavira's situation. For example, when she finally spoke with A. Ramirez's supervisor Captain Thornton, he indicated that he "absolutely has zero tolerance for any form of domestic abuse" and began an immediate investigation. (Id. ¶¶ 69-71.) However, the Monell claim remains viable to the extent that Chavira alleges that the County has a policy of failing to train sheriff personnel to respond to domestic violence complaints.

[6] Under California law, a claim of negligence per se is properly considered pursuant to Section 669 of the California Evidence Code, which creates a presumption of negligence arising from violation of a statute, but only if [t]he person suffering the ... injury ... was one of the class of persons for whose protection the statute . . . was adopted. Hernandez v. County of Marin, 2012 WL 1207231, at *4 (N.D. Cal. Apr. 11, 2012) (citations and internal quotation marks omitted).

[7] The text of Chavira's opposition confirms that the Third Cause of Action is only asserted against the County pursuant to a respondeat superior theory under California Government Code section 815.2, which provides: "(a) A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative. (b) Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability." This is different from seeking liability against the County directly under California Government Code section 815.6, which states that "[w]here a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty." Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-00890 JVS (ANx) | Date | April 21, 2014 |
|---|---|---|---|
| Title | Elizabeth Chavira, et al. v. J. Chavez, et al. | | |

these claims against Hernandez, J. Ramirez, and County must be dismissed because the statutes in question do not impose any mandatory duties on the defendant.[8] (Mot. 11-12.)

The sections of the California Penal Code cited by Chavira in support of her Third Cause of Action do not give rise to viable negligence per se claims. The discretionary language used in California Penal Code section 836(a)(2) clearly does not establish a mandatory duty. Cal. Penal Code § 836(a)(2) ("[A] peace officer <u>may</u> arrest a person . . . [whenever] [t]he person has committed a felony, although not in the officer's presence.") (emphasis added). The Court also rejects Chavira's argument that California Penal Code section 13701 imposes a mandatory duty on the individual defendants. Section 13701 requires local law enforcement agencies to implement written policies regarding the proper response of law enforcement officials to complaints of domestic violence and dictates certain minimum requirements for these policies. Cal. Penal Code § 13701(b)-(c). While that provision does describe certain measures that should be taken by law enforcement officials who respond to domestic violence calls, these measures are described in the context of indicating what the content of the written policies should be. Moreover, it is evident that the statute does not override an officer's discretion in determining whether to arrest. <u>Id.</u> § 13701(b) ("The written policies shall <u>encourage</u> the arrest of domestic violence offenders if there is probable cause that an offense has been committed.") (emphasis added). Consequently, the Court does not find that section 13701 imposes any clear mandatory duties upon the individual Defendants.

Additionally, the sections of the California Family Code relied upon by the Third Cause of Action also fail to impose mandatory duties upon the individual defendants. California Family Code sections 6250-57 provide judicial officials discretion to issue ex party emergency orders under various circumstances and provide guidance regarding the issuance and effect of such orders. Cal. Fam. Code §§ 6250-6257. None of these statutes contain any language imposing a mandatory duty upon public employees to seek such emergency protective orders. In addition, California Family Code section 6228(a) is inapplicable. Section 6228(a) states that "[s]tate and local law enforcement agencies shall

---

Gov't Code § 815.6.

[8] Additionally, Defendants argue that Hernandez and J. Ramirez are immune from any such liability by various government immunities established under California law. (Mot. 12-13.) The Court concludes that Chavira has failed to establish that the individual defendants were bound by any mandatory duties; therefore, the Court need not reach the issue of whether the individual defendants are protected from liability by state law government immunities.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 13-00890 JVS (ANx) | Date | April 21, 2014 |
| Title | Elizabeth Chavira, et al.   v.   J. Chavez, et al. | | |

provide, without charging a fee, one copy of all domestic violence incident report face sheets, one copy of all domestic violence incident reports, or both, to a victim of domestic violence . . . upon request." Cal. Fam. Code § 6228(a). Notably, the SAC contains no allegation that Chavira ever made any request for a domestic violence incident report from any of the individual defendants. Therefore, even if this provision were to give rise to a mandatory duty, the Complaint does not contain sufficient factual allegations to support a finding that this duty was breached.

Given that the SAC has failed to state facts sufficient to state a claim for negligence per se against the individual defendants, there is no predicate for Chavira's respondeat superior claim against the County based upon these violations. Consequently, Chavira's attempt to assert a claim for vicarious liability under California Government Code section 815.2 against the County must also fail. Accordingly, the Court dismisses the Third Cause of Action with respect to Hernandez, J. Ramirez, and the County.[9]

### d. Injunctive Relief

The Eight Cause of Action in the SAC seeks extensive injunctive relief against the County.[10] (SAC ¶¶ 117-18.) Chavira "requests that the Court enter a permanent mandatory injunction against the Sheriff Department ordering the department to (1) Hold regular training sessions to explain the policies of the department and state laws concerning domestic violence; (2) Impress on all personnel of the Sheriff's Department, including non-sworn personnel, such as dispatchers, and all sworn personnel the

---

[9] At the April 14, 2014 hearing, Chavira argued that her negligence per se claim against the County should not be dismissed because the County is directly liable for its failure to perform its mandatory duty of enacting the written policies regarding domestic violence as required by California Penal Code section 13701. However, as mentioned earlier by the Court (see infra n.7), the SAC and Opposition both indicate that Chavira only asserts her negligence per se claim against the County on a respondeat superior theory pursuant to California Government Code section 815.2 (SAC ¶ 97; Opp'n 21). Therefore, the Court grants Chavira leave to amend the third cause of action to include a direct negligence per se claim against the County pursuant to California Government Code section 815.6. The Court does not rule on the viability of such a claim at this time.

[10] The Eight Cause of Action does not expressly indicate the defendants against which Chavira has asserted this claim for injunctive relief. However, given the nature of the requested injunctive relief, it appears that Chavira solely seeks injunctive relief against the County.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 13-00890 JVS (ANx) | Date | April 21, 2014 |
| Title | Elizabeth Chavira, et al.   v.   J. Chavez, et al. | | |

importance of enforcement of all domestic violence laws and department policies; (3) Impose immediate disciplinary action against all personnel who engage in conduct showing a reckless disregard for the rights of domestic violence victims; (4) Review periodically department policies and case law as it evolves concerning the rights of domestic violence victims; (5) Place all sworn personnel against whom a CLETS domestic violence order is imposed in positions where they are not allowed to carry weapons; (6) Punish all personnel who engage in cover up of domestic violence crimes committed by other personnel." (Id. ¶ 117.)

"A state law enforcement agency may be enjoined from committing constitutional violations where there is proof that officers within the agency have engaged in a persistent pattern of misconduct." Gomez v. Vernon, 255 F.3d 1118, 1129 (9th Cir. 2001) (quoting Thomas v. County of Los Angeles, 978 F.2d 504, 508 (9th Cir. 1992)). However, injunctive relief is available if there is a "real or immediate threat that the plaintiff will be wronged again." City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983). Here, the allegations of the SAC are insufficient to establish that there is a likelihood that Chavira will be "will be wronged in a similar way in the future." Cf. Lyons, 461 U.S. at 111. In fact, Captain Thornton's initiation of a criminal investigation into A. Ramirez's domestic violence following his meeting with Chavira on May 24, 2013 suggests that it is unlikely that Chavira will be similarly wronged by the County in the future. (SAC ¶¶ 66-71.) Consequently, the SAC does not plausibly show that Chavira has standing to support her broad injunctive relief claim against the County. Furthermore, the monetary relief requested in this case will ensure that Chavira obtains a remedy for the alleged violations of her constitutional rights. Therefore, Chavira's injunctive relief claim against the County is dismissed.

### e.   Punitive Damages

Plaintiffs can seek punitive damages under section 1983. Pac. Mut. Life Ins. Co. v. Haslip, 499 U.S. 1, 17 (1991); Dang v. Cross, 422 F.3d 800, 807 (9th Cir. 2005). Municipalities are immune from awards of punitive damages. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981). Similarly, punitive damages are not permitted against state and local officials sued in their official capacity. Mitchell v. Dupnik, 75 F.3d 517, 527 (9th Cir. 1996). However, this immunity from punitive damages does not extend to state and local officials who have been sued in their personal capacity. Smith v. Wade, 461 U.S. 30, 56 (1983). In such cases, an award of punitive damages requires a showing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 13-00890 JVS (ANx) | Date | April 21, 2014 |
| Title | Elizabeth Chavira, et al.   v.   J. Chavez, et al. | | |

that the defendant's conduct was "motivated by evil motive or intent . . . or [involved] reckless or callous indifference to federally-protected rights of others." Id.; see also Dang, 422 F.3d at 807.

Chavira has alleged sufficient facts to state claims against Hernandez for denial of her right to equal access to police protective services in violation of the Fourteenth Amendment.[11] The SAC further alleges that these actions were "willful, wanton, malicious and oppressive, thus justifying an award of exemplary and punitive damages." (SAC ¶ 84.) Given that motions to strike are disfavored, the Court finds these allegations sufficient to maintain Chavira's request for punitive damages against Hernandez in his individual capacity at this stage in the proceedings. Accordingly, the Court denies Defendants' motion to strike Chavira's prayer for punitive damages on her section 1983 claims against Hernandez, without prejudice regarding the Hernandez's right to raise a similar claim on a motion for summary judgment.

## 4.     Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Dismiss.

IT IS SO ORDERED.

---

[11] Given the Court's dismissal of Chavira's claims against J. Ramirez, Defendants' motion to strike the punitive damages claim with respect to J. Ramirez is moot.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 13-00890 JVS (ANx) | Date | April 21, 2014 |
| Title | Elizabeth Chavira, et al.  v.  J. Chavez, et al. | | |

  : 00

Initials of Preparer    dr