FILED
CLERK, U.S. DISTRICT COURT

February 17, 2015

CENTRAL DISTRICT OF CALIFORNIA
BY: ___TS___ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH CHAVIRA, on behalf of herself and her two minor daughters, C.R. and M.R., as their guardian ad litem,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>J CHAVEZ (individual capacity), DEBBIE GALLEGOS (individual capacity), JOSEPH HERNANDEZ (individual capacity), ANTONIO RAMIREZ (individual capacity), JOSE RAMIREZ (individual capacity), COUNTY OF LOS ANGELES, DOES 1 - 10, inclusive,<br><br>　　　　　　Defendants. | CASE NO. SACV13-0890 JVS (ANx)<br>*[Assigned to the Hon. James V. Selna, Courtroom 10C]*<br><br>**[PROPOSED] PROTECTIVE ORDER FOR CONFIDENTIAL INFORMATION**<br><br><br>**Complaint Filed: June 11, 2013**<br><br>**Trial Date: March 31, 2015** |

　　　The Court, having read the proposed protective order by Defendants County of Los Angeles and Deputy Joseph Hernandez (hereinafter "County") and Defendant Debbie Gallegos, (hereinafter "Gallegos") and ELIZABETH CHAVIRA, on behalf of herself and her two minor daughters, C.R. and M.R., as their guardian

Collins Collins Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

18788

1

**[PROPOSED] PROTECTIVE ORDER**

ad litem, by and through their counsel of record, makes the following rulings thereon:

   1.   Any and all DOCUMENTS in Defendant County of Los Angeles' possession, custody and/or control relating to the following shall be produced under seal and subject to the confidentiality requirements set forth by this protective order ("DOCUMENT" means a writing as defined by Federal Rules of Evidence 1001(1), and shall include without limitation, the original (and absent the original then a copy thereof), all file copies and copies not identical to the original of any writing or record of every type, form, and description that is in the possession, custody, or control of the responding party, or that no longer is in the responding party's possession but that the responding party still has knowledge, whether or not said writings or records are claimed to be privileged or otherwise immune from discovery including by way of illustration and not limitation, the following items, whether said writings or records are on paper, magnetic disk, tape, or other computer or digital storage medium, microfilm, microfiche, floppy, or any other storage or recording medium):

   a) Employee training documents for DEBBIE GALLEGOS and JOSEPH HERNANDEZ, including dates of training, descriptions of training and certificates of completion;

   b) The Internal Affairs Bureau investigation file (two volumes) pertaining to DEBBIE GALLEGOS' involvement in the alleged dispute between PLAINTIFF ELIZABETH CHAVIRA and DEFENDANT ANTONIO RAMIREZ (dated December 2013);

   c) The Internal Affairs Bureau investigation file (two volumes) pertaining to alleged acts of physical violence by DEFENDANT ANTONIO RAMIREZ against PLAINTIFF ELIZABETH CHAVIRA (dated 2012); and

///

Collins Collins Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

18788

2

[~~PROPOSED~~] PROTECTIVE ORDER

  d) The Internal Affairs Bureau investigation file pertaining to PLAINTIFF ELIZABETH CHAVIRA'S accusation that DEFENDANT ANTONIO RAMIREZ was involved in insurance fraud after being involved in a vehicle collision (allegation from August 2012).

IT IS FURTHER ORDERED THAT,

1. Any information produced by either party may be designated, pursuant to this Protective Order, "CONFIDENTIAL INFORMATION," by the Producing Party[1] marking (apart from original deposition or trial transcripts) the word "CONFIDENTIAL" plainly at the top of each page of such designated material. If the first page of any multi-page document bears this legend, then the entire document is deemed confidential, unless otherwise indicated by the Producing Party;

2. CONFIDENTIAL INFORMATION shall be used in this litigation as follows:

  a. CONFIDENTIAL INFORMATION and the information contained therein shall be used solely in connection with this litigation and the preparation of this case, or any related appellate proceeding, and not for any other purpose, including any other litigation or administrative proceedings. Further, the Parties' Counsel agrees that CONFIDENTIAL INFORMATION and the information contained therein shall not be disclosed to their clients' families.

  b. Under no circumstances shall the CONFIDENTIAL INFORMATION, or the information contained therein, be retained, compiled, stored, used as a database, or disseminated, in any form, except for purposes of this

---

[1] For purposes of this Order, the "Producing Party" shall mean the party producing documents and/or seeking to designate the material confidential. The "Receiving Party" shall mean any party receiving discovery material.
18788

3

**[~~PROPOSED~~] PROTECTIVE ORDER**

**Collins Collins Muir + Stewart** LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

litigated matter in accordance with this Protective Order or by further order of the Court;

   c.    The Producing Party reserves all objections, including but not limited to the following objections: on grounds that particular documents are CONFIDENTIAL by the attorney-client and/or the attorney work product doctrine; official information privilege; are not likely to lead to the discovery of admissible evidence, and as such are not relevant to the causes of action raised by this lawsuit under Federal Rules of Civil Procedure, Rule 26(a)(1)(A)(B); and all remedies under the Federal Rules of Civil Procedure and the Federal Rules of Evidence, including the right to recess a deposition to bring a protective order before the Court;

   d.    The parties reserve all rights and remedies under the Federal Rules of Civil Procedure and the Federal Rules of Evidence pertaining to discovery;

   e.    CONFIDENTIAL INFORMATION and the information contained therein may not be disclosed, except as set forth in paragraph 2(f) below;

   f.    CONFIDENTIAL INFORMATION and the information contained therein may only be disclosed to the following persons:

    i. Counsel for the Receiving Party;

    ii. Paralegal, law clerk, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in paragraph 2(f)(i) above;

    iii. The Court, as set forth below;

    iv. Any expert, consultant, or law student retained in the

**Collins Collins Muir + Stewart** LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

18788

4

[~~PROPOSED~~] PROTECTIVE ORDER

instant case by the Receiving Party, <u>provided</u> that each such person sign a Declaration of Compliance (in the form attached hereto as Exhibit "A") stating that he or she has read and understands the Stipulation and Protective Order and agrees to be bound by its terms. However, Defendants' counsel may not disclose directly to the Defendants, either orally or in writing, the names, addresses, and telephone numbers of any witnesses identified in the CONFIDENTIAL INFORMATION, but may discuss with the Defendants the information obtained from any investigation conducted as a result of disclosed CONFIDENTIAL INFORMATION;

    v.  Any individual approved by the Court.

g.  CONFIDENTIAL INFORMATION shall not be divulged to any other person or entities, including but not limited to the print, radio, telephone, world wide web or internet, or television media;

h.  CONFIDENTIAL INFORMATION shall not be posted on the internet or on any website;

i.  If any information and/or documents which are the subject of this Protective Order are presented to this or any other court in any other manner prior to the time of trial, said information and/or documents shall be lodged under seal, pursuant to Local Rule 79-5.1, and with an appropriate application made to United States District Judge James V. Selna, for lodging under seal, in an envelope clearly marked as follows:

Collins Collins Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

18788

5

[PROPOSED] PROTECTIVE ORDER

"CONFIDENTIAL AND MATERIAL SUBJECT TO A PROTECTIVE ORDER. CASE NO.: SACV13-0890 JVS (ANx)."

j. In the event that any of the CONFIDENTIAL INFORMATION is used in any Court proceeding in this action and is sealed and does not appear as part of the publicly accessible record, it shall not lose its confidential status through such use, and the party using CONFIDENTIAL INFORMATION shall take all reasonable steps to maintain its confidentiality during such use; however, nothing in this provision limits the parties from using such materials filed with the Court and part of the publicly accessible record in any way;

k. Nothing in paragraph 9(b) is intended to prevent authorized government officials for the Defendants from having access to the documents if they had access in the normal course of their job duties;

l. Testimony taken at any deposition, conference, hearing, or trial may be designated as confidential by making a statement to that effect on the record at the deposition or proceeding. The party seeking to designate the transcript as CONFIDENTIAL shall make arrangements with the Court Reporter transcribing such proceedings to separately bind such portions of the transcript containing information designated as confidential, and to label such portions accordingly.

///

m. Nothing in this protective order should be interpreted as

Collins Collins Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

18788

6

[~~PROPOSED~~] PROTECTIVE ORDER

stipulating to or requiring the closure of trial proceedings or the sealing of any evidence at trial. To close or seal any trial proceedings, the party seeking closure or sealing must apply to the Court in advance. To better allow such applications, the parties agree to notify each other of their intent to use material designated CONFIDENTIAL at trial, prior to trial for written documents and exhibits, or prior to the use of any prior testimony used for impeachment or admissions;

3. Elizabeth Chavira, minor C.R. and minor M.R. (both through their guardian ad litem Elizabeth Chavira), the Plaintiffs in this case, may not under any circumstances retain the following documents or be allowed to make or keep any copies of such documents specified below. They may, however, have permission to view said documents by and through the supervision of their counsel. This provision shall apply to all Plaintiffs in this case regardless of the status of the case and current counsel. These categories of documents are specifically categorized as follows:

    a) Employee training documents for DEBBIE GALLEGOS and JOSEPH HERNANDEZ, including dates of training, descriptions of training and certificates of completion;

    b) The Internal Affairs Bureau investigation file (two volumes) pertaining to DEBBIE GALLEGOS' involvement in the alleged dispute between PLAINTIFF ELIZABETH CHAVIRA and DEFENDANT ANTONIO RAMIREZ (dated December 2013);

    c) The Internal Affairs Bureau investigation file (two volumes) pertaining to alleged acts of physical violence by DEFENDANT ANTONIO RAMIREZ against PLAINTIFF ELIZABETH CHAVIRA (dated 2012); and

    d) The Internal Affairs Bureau investigation file pertaining to PLAINTIFF

18788

7

[PROPOSED] PROTECTIVE ORDER

Collins Collins Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

ELIZABETH CHAVIRA'S accusation that DEFENDANT ANTONIO RAMIREZ was involved in insurance fraud after being involved in a vehicle collision (allegation from August 2012).

4. Plaintiffs, Plaintiffs' Counsel, Defendants, and Defendants' Counsel shall cause the substance of this Protective Order to be communicated and obtain agreement to abide by the Protective Order to each person whom CONFIDENTIAL materials are revealed in accordance with this Order.

5. The Receiving Party may challenge the designation as CONFIDENTIAL INFORMATION of any material so designated by a Producing Party. The Receiving Party must raise a challenge to such designation, in writing, to the Producing Party at any time prior to a judgment in the litigation. The parties must meet and confer in an attempt to resolve any such challenge. Failing informal resolution between parties, the Producing Party may file and serve a Motion for a Protective Order with the Court. The parties agree that if the Motion for Protective Order is filed within 21 days of the written challenge (subject to extension upon agreement of the Parties), the Material will retain its original designation until the Court rules on the Motion for a Protective Order. If the Producing Party does not file a motion within the 21-day period following a challenge, the material is no longer designated as CONFIDENTIAL INFORMATION for purposes of this Order, but that change in designation does not bar the Producing Party from subsequently filing a motion for a protective order.

6. After completion of the judicial process in this case, including any appeals or other termination of this litigation, all CONFIDENTIAL INFORMATION received under the provisions of this Order and copies thereof shall be destroyed or returned to the attorneys of record for the Producing Party. The provisions of this Order shall be in effect until further order of this Court.

7. That any counsel, expert or consultant retained in the instant case or investigator retained by counsel for any party to this case, shall not disclose the

Collins Collins Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

18788

CONFIDENTIAL INFORMATION of the information contained therein in any other court proceeding subject to further order of this Court.

8. All CONFIDENTIAL INFORMATION produced in accordance with this Protective Order shall not be used in any deposition, legal proceeding, or in any other forum than the instant case, nor shall the CONFIDENTIAL INFORMATION be disseminated in any form, except by court order, or until such time as the "CONFIDENTIAL" designation is removed by agreement of counsel for the parties, by operation of Paragraph 5 of this Order, or by further order of this Court.

9. Provisions of this Order insofar as they restrict disclosure and the use of material shall be in effect until further order of this Court.

10. In the event that the terms of this Protective Order are violated, the parties agree that the aggrieved party may immediately apply to the Federal Court to obtain injunctive relief and monetary sanctions against any person violating or threatening to violate any of the terms of this Protective Order.  This Court shall retain jurisdiction over the parties for the purpose of enforcing this Protective Order, and the Court shall have the power to modify this Protective Order at any time and to impose whatever penalties it deems appropriate for the violation of this Protective Order, including but not limited to monetary sanctions, judicial sanctions, issue preclusion, and contempt.  Any such request for injunctive relief and/or monetary sanctions must be made by a properly noticed motion and pursuant to statute to the appropriate Court.

IT IS SO ORDERED.

DATED:  February  17, 20015        By: _____
                                       HON. DOUGLAS F. McCORMICK
                                       United States Magistrate Judge

Collins Collins Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax    (626) 243-1111

18788

# EXHIBIT "A"

# DECLARATION OF COMPLIANCE WITH AND CONSENT TO BE BOUND BY STIPULATION AND PROTECITVE ORDER

I, declare as follows:

1. I understand that information deemed confidential and private is going to be provided to me pursuant to the terms and restrictions of a Stipulation and Protective Order in the action of *Elizabeth Chavira, et al. v. Debbie Gallegos, et al.*, CASE NO. SACV13-0890 JVS (ANx).

2. I have received and read a copy of the Stipulation and Protective Order dated _____, and I agree to be bound by its terms and restrictions and to not reveal or otherwise communicate any of the information disclosed to me in connection with this action except in accordance with the terms of the Stipulation and Protective Order. I consent to personal jurisdiction over me by a court of competent jurisdiction for purposes of enforcing the Stipulation and Protective Order dated _____.

3. I agree that any disclosure of Confidential Information shall be only such as is necessary to accomplish the fundamental purpose of this litigation and on a need to know basis. I agree to take such security precautions to protect from disclosure and keep confidential the Confidential Information as I normally take with regard to any Confidential Information that I desire to keep secret or confidential. I agree to advise any employee or agent to whom a disclosure is made pursuant to the Stipulation and Protective Order dated _____ that the information is not to be disclosed to third parties except as expressly provided by the Stipulation and Protective Order dated _____.

/ / /

/ / /

/ / /

Collins Collins Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

18788

4. Notwithstanding everything above, I agree to continue to be primarily responsible at all times for any unauthorized disclosure.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed on _____

                                                Signed Name

                                                _____

                                                Printed Name

**Collins Collins Muir + Stewart LLP**
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

18788

11

**[PROPOSED] PROTECTIVE ORDER**